JOE JERRY WILLIAMS V. STATE.

No. 30,671. April 29, 1959.

*George E. Miller,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Samuel H. Robertson, Jr., Jack J. Rawitscher,* Assistants District Attorney, Houston and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is aggravated assault with a motor vehicle; the punishment 60 days in jail and a fine of $250.00.

According to the appellant's confession, the voluntary nature of which is not questioned, he had drunk about eleven bottles of beer on the night in question. It recited further, "I knew I was *to* drunk to be driving a car but I went on and drove the car off any way," and "all of a sudden the right front of the car I was driving struck a parked car that was parked on the north side of the street headed west and knocked it into another car that was parked on the same side of the street headed the same way. A man was standing between the parked cars that I struck and when I struck the cars the man fell out into the street."

The injured party Abney testified that he saw an automobile approaching where his and another automobile were parked at the curb "weaving in and out," that he jumped between the automobile to avoid being hit, that his automobile was rammed from the rear, causing him to be pinioned between the two, and that he sustained injuries to his right thigh and left leg which required the placing of a "pin" in his leg.

We shall discuss the contentions advanced by brief. He first urges that the evidence is insufficient because of a conflict in the testimony of the witnesses as to the name of the street where the collision occurred. It appears from the record that the collision occurred on one street near the corner and that after the collision the appellant drove around the corner and parked on another street which was near a Freeway. Be this as it may, it is apparent that the witnesses were all referring to one and the same collision.

His next contention that no act of negligence was shown is also overruled.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment of the trial court is affirmed.